In the Matter of RICHARD C. (ANONYMOUS), Appellant.— Appeal from an order of Family Court, Queens County, dated August 17, 1973, which adjudicated appellant as being a juvenile delinquent, after a hearing, and directed that he be placed in the State Training School for a period not to exceed 18 months. Order reversed, on the law and in the exercise of discretion, without costs, and proceeding remanded to the Family Court for further proceedings consistent herewith. Appellant, presently confined in the Warwick State Training School, is now 15 years old. In September of 1972, he began to take automobiles for "joy-riding". Since that time he has been arrested four times for taking cars, at least two of which incidents resulted in automobile chases and wrecks. His taking of a car on July 31, 1973 resulted in the filing of the petition in the instant proceeding. At a fact-finding hearing held August 8, 1973 appellant admitted taking the automobile, which taking, if committed by an adult, would constitute a crime. His mother failed to attend the hearing, as she had failed to attend two previously scheduled hearings. In order to obtain her presence at the dispositional hearing, the Family Court issued a warrant requiring her presence. Despite the warrant, and despite several attempts to call the mother to secure her presence at the hearing, she failed to appear at the dispositional hearing on August 17, 1973. Appellant's Law Guardian, who was present, moved the court to adjourn the proceeding until the mother would be present, but the court denied the motion, stating that appellant's interests could be adequately protected by the Law Guardian. The court asserted that it was not surprised that the mother was absent since she had apparently given up hope on appellant and wanted nothing further to do with him. The court found that the mother's failure to appear "may constitute neglect." The probation officer then presented evidence of appellant's history, including psychiatric reports which recommended "individual supportive therapy". The probation officer recommended confinement of appellant at the State Training School although he was uncertain that the recommended therapy was available there. After hearing further objections of the Law Guardian on the basis of the absence of the mother, the court stated its decision to place appellant in the State Training School with the qualification that he was to be given the required therapy there. The court made this disposition despite the fact that it was not sure facilities for the required treatment were available. We are impressed by two of appellant's arguments on this appeal. First, it is asserted that the Family Court abused its discretion in failing to substitute a neglect petition for the juvenile delinquency one, in view of the court's own comment that failure of appellant's mother to appear "may constitute neglect." The procedure to which appellant refers is provided in section 716 of the Family Court Act, which states that such a substitution may be made on the court's own motion. The provision recognizes that some children are juvenile delinquents because they are neglected and that they can be better treated as neglected children (McKinney's Cons. Laws of N. Y., Book 29A; Family Ct. Act, § 716, Joint Legislative Committee Comments, p. 301). We agree with appellant. To fail to substitute a neglect petition in this case was an abuse of the court's discretion since the court, on the record, stated that appellant may be a neglected child. The instant case is precisely the kind of case to which this provision was intended to apply. Secondly, appellant argues that it was an abuse of the court's discretion to place him in

the State Training School, in spite of the court's recognition of the need for therapy and its lack of knowledge whether such therapy was available at the State Training School. Again, we must agree with appellant. It may be that such therapy is available at the State Training School and that placement there could be proper. However, for the court to order placement there with the qualification that the appropriate therapy be given, in the face of some evidence that such therapy might not even be available, was an abuse of discretion. Since we hold that the Family Court did abuse its discretion, both in failing to substitute a petition of neglect under the circumstances and in imposing a term in the State Training School without proper inquiry to determine if the appropriate facilities were available, we reverse and remand the proceeding to the Family Court for further disposition in accordance with this opinion. Gulotta, P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.