■ In the Matter of HASAN R., Alleged to be a Person in Need of Supervision, Appellant. SULLIVAN COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. (And Another Related Proceeding.)—Weiss, J. Appeal from an order of the Family Court of Sullivan County (Kane, J.), entered January 4, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent admitted the allegations set forth in separate petitions by his mother and a home-school coordinator which sought to have him declared a person in need of supervision. Following a hearing Family Court made that adjudication. He has now appealed from that part of the dispositional order which placed him in the custody of the Sullivan County Commissioner of Social Services for 18 months for placement with a residential facility.

Respondent initially contends that Family Court erred by proceeding without an updated psychological evaluation which the court had requested. The consultation did not occur because of a last minute transportation problem. Respondent also contends that the most recent psychiatric evaluation report, which had been dictated over the telephone by the psychiatrist, was limited in scope. The court declined to adjourn the dispositional hearing holding that the record contained a number of fairly current psychological reports as well as very complete history with associated psychological, psychiatric, school and probation reports.

Nothing in the record suggests that an additional psychological report would have added anything to the evidence already before Family Court. The dictated psychiatric report was sufficient for dispositional purposes. Upon this record, we find that Family Court possessed ample relevant and material evidence to explore dispositional options including either respondent's return to his home or placement at a residential facility (cf., Matter of Melvin W., 45 AD2d 842) and that the court did not err in electing to proceed (cf., Matter of Sandra XX., 169 AD2d 992). We further reject respondent's argument that there was an abuse of discretion by the court in placing respondent in the residential facility. It is clear from the record that his mother had failed to provide supervision and was beset by problems of her own relating to her drug addiction. Respondent's conduct showed marked deterioration both

at home and in school. He had violated the terms of probation imposed in a juvenile delinquency adjudication in Kings County in early 1990 and exhibited extreme misbehavior and truancy behavior in school. The determination by Family Court that respondent needed structured supervision both in his residential environment and his educational setting is fully supported by the record (see, Matter of Wendy C., 133 AD2d 904) and should be affirmed.

Casey, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.