■ In the Matter of MATTHEW FF., Alleged to be a Person in Need of Supervision, Appellant. JOANNE FF., Respondent.— Levine, J.

In February 1990, petitioner commenced this Family Court Act article 7 proceeding against respondent, her then eight-year-old son. It was alleged in the petition that respondent was a person in need of supervision (hereinafter PINS) based upon a February 20, 1990 incident in which respondent restrained petitioner, his two younger siblings and a Chemung County Headstart Program caseworker in petitioner's kitchen for some 40 minutes by threatening them with a tire iron. Petitioner also alleged that respondent had refused to go to school that day and that he became verbally and physically abusive toward her after a truant officer visited the home. Following a fact-finding hearing, Family Court sustained the PINS petition. The court ordered that respondent, who had been placed in the temporary custody of the Chemung County Department of Social Services, continue in foster care, and that both he and petitioner receive counseling. This appeal by respondent ensued.

Respondent's first contention on appeal is that the Chemung County Attorney's 1988 prosecution of petitioner and her husband for neglect of their children created a conflict of interest preventing him from prosecuting the PINS petition here. Initially, we note that respondent did not raise this objection before Family Court and, thus, failed to properly preserve the issue for our review *(see, Matter of Brian QQ.,* 166 AD2d 749, 750). In any event, respondent's argument is unavailing. Not only does respondent fail to explain the nature of the claimed conflict, but there is no allegation that the County Attorney used any information or records obtained

during the prior proceeding to gain an unfair tactical or evidentiary advantage in this proceeding. Further, the County Attorney's role in this Family Court Act article 7 proceeding was that of prosecutor and, despite respondent's assertion to the contrary, he appeared not on behalf of petitioner, but on behalf of the State (see, Besharov, 1984 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 254 [1992 Pocket Part], at 42).

Equally unavailing is respondent's contention that the acts which are the subject of the instant PINS proceeding are the result of his parents' abuse and neglect and, therefore, that Family Court erred in failing to exercise its discretion under Family Court Act § 716 to substitute a Family Court Act article 10 neglect petition for the PINS petition. At the fact-finding hearing, petitioner testified that respondent's two older siblings had been subject to physical abuse in the home by respondent's father a few years previously, that such abuse occurred in respondent's presence, and that she was adjudicated as having neglected her children for failing to comply with a protective order prohibiting respondent's father from having contact with the children. However, there was also testimony that the abuse of siblings to which respondent was exposed had not occurred for approximately 2½ years, that petitioner was actively committed to receiving counseling services to deal with her inability to discipline the children and that, at the time of the acts which are the subject of this proceeding, respondent had been out of foster care and back in the home for three months without incident. Moreover, there was no proof that respondent's behavior as described in the petition was the result of any contemporaneous abuse or neglect. Under these circumstances, we cannot conclude that Family Court abused its discretion in failing to substitute a neglect petition for the PINS petition (cf., Matter of Richard G., 55 AD2d 939, 940; Matter of Paul H., 47 AD2d 853, 854; Matter of Richard C., 43 AD2d 862).

Weiss, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.