■ In the Matter of JEANNE TT., a Person Alleged to be in Need of Supervision, Appellant. DAVID CLOVSKY, as Commissioner of the Chemung County Department of Social Services, Respondent.—Levine, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered January 10, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Pursuant to a petition filed in Family Court on July 12, 1990 and after fact-finding and dispositional hearings, respondent was adjudicated a person in need of supervision (hereinafter PINS) *(see,* Family Ct Act art 7) and placed in the custody of petitioner for a period of 18 months for actual placement in an appropriate treatment facility. Respondent had previously been the subject of a proceeding under Family Court Act article 10, which was concluded by her mother's consent to a finding of neglect and an order of disposition placing respondent in petitioner's custody for placement in a foster home and a direction to her mother to accept various rehabilitative services. The neglect proceeding arose out of various reports of the mother's lack of supervision of respondent in allowing respondent's older sister to physically abuse her, thereby impairing respondent's mental health. As a result, respondent was temporarily admitted to Elmira Psychiatric Center in Chemung County for suicidal behavior and ran away from her mother's home on several occasions. During one of the latter episodes she was abducted, raped and otherwise sexually abused by a male acquaintance of the family.

The PINS adjudication herein is based on three instances when respondent ran away from treatment facilities following the foregoing removal from her mother's home, namely, absconding twice from a group home in March 1990 and once from Elmira Psychiatric Center the following July. During the pendency of the instant PINS proceeding, a petition was also filed with Family Court alleging that the mother's uncooperativeness was in violation of the order of disposition in the prior neglect proceeding.

Respondent's first point on appeal is that Family Court abused its discretion in refusing to substitute a neglect petition for the PINS petition, as authorized by Family Court Act § 716. We disagree. Here, respondent's running away occurred between six months and almost a year after she was out of her mother's custody and while she was in a residential treatment facility. There was no proof that the behavior alleged in the petition was attributable to any act of parental abuse or neglect, or that her mental condition was so impaired as to render her irresponsible for her conduct. Moreover, the acts of running away established in the instant proceeding took place *after* a previous PINS proceeding, based on respondent's absconding from a foster home, had been dismissed because of the then-recent neglect adjudication and placement. The foregoing circumstances support Family Court's discretion in refusing to substitute yet another neglect petition for the PINS petition (see, *Matter of Matthew FF.*, 179 AD2d 928). The decision in *Matter of Matthew FF. (supra)* also renders meritless respondent's assertion that the County Attorney, having previously prosecuted the neglect proceeding against respondent's mother, was ethically precluded from acting as the presentment agency in the instant PINS proceeding.

Next, respondent urges that reversal is required because the proof necessary to establish the acts of running away alleged in the petition consisted of testimony of social workers given in violation of a client-social worker privilege (see, CPLR 4508). This argument is also unavailing. The privilege in question covers communication of "[c]onfidential information" made by the client, or "advice given thereon, in the course of * * * professional employment" (CPLR 4508 [a]). The two instances of respondent absconding from the group home were established by social agency records properly admitted in evidence under the business entry rule (CPLR 4518 [a]), none of which contains recitals of any communications between respondent and the professional staff of the facility.

The proof concerning respondent's July 1990 elopement from Elmira Psychiatric Center did include the testimony of a non-social worker employee of a Tompkins County social service agency who coordinated the agency's program to "make short term emergency placements for runaways or homeless". That person had received a referral of respondent from a crisis intervention service respondent had called for assistance; she was told by respondent that she had absconded from Elmira Psychiatric Center. As the party asserting that this information was privileged, respondent had the burden of establishing every element of the privilege in question *(see, Matter of Priest v Hennessy,* 51 NY2d 62, 69). She has failed to meet that burden here. The statute only protects communications by a client to "[a] person duly registered as a certified social worker", although employees or coemployees of the certified social worker privy to any such communications to such social worker are also barred from revealing them *(see,* CPLR 4508 [a]). Moreover, there is nothing in the record to suggest that respondent's explanation of her presence and need for assistance in Tompkins County, by relating that she was a runaway from a psychiatric facility in Chemung County, was intended to be given in confidence, another necessary element of any valid claim of the privilege *(see, People v Alaire,* 148 AD2d 731, 737; *Matter of Clear,* 58 Misc 2d 699, 702, *revd on other grounds sub nom. Matter of Klug,* 32 AD2d 915; *see also, People v Decina,* 2 NY2d 133, 145; Proposed NY Code of Evidence § 509, comment [a] [1991]).

The only other issue raised by respondent meriting discussion is the propriety of Family Court's dispositional order directing placement, rather than an adjournment in contemplation of dismissal. The record amply supports Family Court's determination that placement was necessary because of respondent's need for a structured setting. Among the factors for rejecting an adjournment in contemplation of dismissal were the surrender of parental rights by respondent's mother and the history of respondent's incorrigible behavior after dismissal of the prior PINS petition *(see, Matter of Peter VV.,* 169 AD2d 995, 996).

Weiss, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.