■ In the Matter of BRITTANY H., a Person Alleged to be in Need of Supervision, Appellant. PATRICIA I., Respondent.— Mercure, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered March 26, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner commenced this Family Court Act article 7 proceeding against respondent, her 15-year-old daughter. Following fact-finding and dispositional hearings, Family Court adjudicated respondent a person in need of supervision (hereinafter PINS) and placed her in the custody of the Division for Youth for a period of 18 months. Respondent appeals. We affirm.

Initially, the contention that the County Attorney's prior prosecution of respondent's father on an abuse petition created a conflict of interest which prevented him from prosecuting this PINS petition has not been preserved for appellate review by timely objection below *(see, Matter of Matthew FF.,* 179 AD2d 928) and is meritless in any event *(see, supra; see also, Matter of Jeanne TT.,* 184 AD2d 895 [decided herewith]).

We also reject the contentions that Family Court abused its discretion in refusing to substitute a neglect petition for the PINS petition and that the evidence was legally insufficient to support the PINS adjudication. The hearing evidence showed that during the 1989-1990 school year respondent missed over 60 days of school, was tardy an additional six times and failed all of her courses. Although petitioner did supply written excuses for the absences, she merely acted upon respondent's

claims of illness. In addition, the evidence demonstrated that respondent physically assaulted petitioner, frequently used vile and abusive language toward her and would not abide by petitioner's reasonable rules concerning her curfew and visits with friends. This evidence established beyond a reasonable doubt that respondent did not attend school "regularly" (see, Education Law § 3210 [1] [a]) and was "incorrigible, ungovernable or habitually disobedient and beyond the lawful control of [her mother]" (Family Ct Act § 712 [a]; see, Matter of Paul QQ., 152 AD2d 764, 765), independent of any claimed neglect on petitioner's part (cf., Family Ct Act § 716; Matter of Richard G., 55 AD2d 939).

Weiss, P. J., Mikoll, Levine and Casey, JJ., concur. Ordered that the order is affirmed, without costs.