■ In the Matter of CHARLES EE., a Person Alleged to be in Need of Supervision, Appellant. ARTHUR F. MARTIGNETTI, as Assistant Principal of Canastota Junior-Senior High School, Respondent. [600 NYS2d 322] —Crew III, J. Appeal from an amended order of the Family Court of Madison County (O'Brien, III, J.), entered September 29, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision and placed him in a residential facility.

In January 1992, petitioner commenced this Family Court Act article 7 proceeding against respondent, a then 15-year-old student enrolled in the ninth grade at Canastota Junior-Senior High School in the Village of Canastota, Madison County. The petition contained several allegations of misbehavior on respondent's part which included descriptions of numerous incidents whereby respondent was disobedient, disruptive, uncooperative and verbally abusive. Based upon respondent's admission to certain acts alleged in the petition, Family Court adjudicated him a person in need of supervision and scheduled a dispositional hearing. At that hearing, the Law Guardian requested an adjournment in contemplation of dismissal. Family Court denied this request, concluding that a six-month adjournment would be insufficient to meet respondent's educational and behavioral needs and noting that such a disposition had not been recommended by the agencies that had investigated respondent. Family Court thereafter determined that respondent should be placed with the Department of Social Services for 18 months in a residential facility. This appeal by respondent followed.

We affirm. Initially, we reject respondent's assertion that Family Court declined to impose a more lenient disposition due to the court's alleged misconception regarding its ability to retain jurisdiction over respondent once he reached his

16th birthday. Assuming this argument has been preserved for our review *(see, Matter of Matthew FF.,* 179 AD2d 928), we find that the record fails to support it. A fair reading of the record plainly reveals that Family Court was principally concerned that if it ordered a more experimental disposition for respondent that later proved unsuccessful, it would be very difficult, as a practical matter, to find a suitable placement for respondent on the eve of his 16th birthday. Such a concern on Family Court's part hardly translates into a misconception regarding the scope of its jurisdiction. Moreover, the record indicates that Family Court based its determination on a number of factors, respondent's age being but one of them.

Turning to the propriety of Family Court's disposition, we are of the view that there is ample evidence to support the court's order placing respondent in a residential facility. The record reveals that respondent's mother was either unable or unwilling to improve or control respondent's unruly behavior at school, despite repeated warnings from Family Court during the course of this proceeding, and it is apparent from the proof compiled concerning respondent's behavior that he is in need of a more structured and supervised environment *(see, Matter of Angela G.,* 188 AD2d 905; *Matter of Jeanne TT.,* 184 AD2d 895, 897; *Matter of Hasan R.,* 177 AD2d 817, 817-818). We have examined respondent's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Mercure and Mahoney, JJ., concur. Ordered that the amended order is affirmed, without costs.