■ In the Matter of JASON O., Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY'S OFFICE, Respondent. [602 NYS2d 952] —Casey, J. Appeal from an amended order of the Family Court of Rensselaer County (Ceresia, Jr., J.), entered December 9, 1992, which, in a proceeding pursuant to Family Court Act article 3, adjudicated respondent a person in need of supervision.

Respondent claims that his adjudication as a person in need of supervision (hereinafter PINS) is defective for Family Court's failure to inform him of his rights as prescribed in Family Court Act § 321.3. The requirements prescribed in Family Court Act § 321.3 are mandatory as to juvenile delinquency proceedings under Family Court Act article 3, and the failure to comply with those requirements in juvenile delinquency proceedings constitutes reversible error *(see, Matter of Herbert TT.,* 192 AD2d 916).

The Fourth Department has held that compliance with section 321.3 is also mandatory in PINS proceedings under Family Court Act article 7 *(see, e.g., Matter of Rickey B.,* 158 AD2d 1002). The issue here, therefore, is whether this Court should extend the requirements of section 321.3 to PINS proceedings under Family Court Act article 7. It is undisputed that there had been no compliance with section 321.3 at the time the juvenile delinquency petition herein was converted to a PINS proceeding prior to any admissions thereto *(see,* Family Ct Act § 311.4 [1]); after appropriate consultation, respondent then admitted the allegations of the converted petition.

This Court has recognized a clear distinction between a juvenile delinquency proceeding under Family Court Act article 3 and a PINS proceeding under Family Court Act article 7 *(see, Matter of Jodel KK.,* 189 AD2d 63, *lv denied* 82 NY2d 652). The Second Department has noted that conduct under article 7 does not rise to the level of criminal conduct and, therefore, the emphasis in a PINS proceeding is on "supervision and treatment rather than confinement" *(Matter of Keith H.,* 188 AD2d 81, 87). Because of this distinction, we decline to extend the requirements of Family Court Act § 321.3 to PINS proceedings under article 7. We note that respondent was properly advised of his rights pursuant to Family Court Act § 741 (a), which is applicable to PINS proceedings. The admission made by respondent upon which his PINS adjudication is based is, therefore, valid and the order appealed from should be affirmed.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.