■ In the Matter of ZACHARY I., Alleged to be a Person in Need of Supervision, Appellant. ROBERT I., Respondent. [604 NYS2d 628] —Mahoney, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered July 31, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent was adjudicated a person in need of supervision (hereinafter PINS) after he admitted the allegations contained in the petition. Having waived a dispositional hearing, he consented to a term of probation and was then placed on probation for a period of one year by Family Court. Now

claiming that his admission allocution was fatally defective because Family Court failed to inform him of his rights as prescribed in Family Court Act § 321.3 and in addition that the court failed to state the reasons for its disposition as required by Family Court Act § 754 (2), respondent appeals.

We affirm. As we have recently indicated, the requirements of Family Court Act § 321.3 do not apply to PINS proceedings under Family Court Act article 7 (see, Matter of Jason O., 197 ▸AD2d 784). Accordingly, Family Court's failure to comply with the mandates contained in that section does not constitute reversible error in this PINS proceeding. Moreover, upon review of the record we are satisfied that the court adequately stated the reasons for its disposition.

Weiss, P. J., Mercure, Cardona and Casey, JJ., concur. Ordered that the order is affirmed, without costs.