■ In the Matter of SARAH HH., a Person Alleged to be in Need of Supervision, Appellant. GERALD A. LEGER, as School Administrator of the Saratoga Springs City School District, Respondent. [612 NYS2d 961] —Weiss, J. Appeal from an order of

the Family Court of Saratoga County (James, J.), entered March 22, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent was adjudicated a person in need of supervision (hereinafter PINS) upon her admission of the allegations in the petition concerning her behavior and her school attendance record. She was placed in the custody of the Commissioner of Social Services for a period of 18 months. Respondent now appeals.

Respondent initially contends that her plea allocution was inadequate in that each possible specific disposition was not articulated in the record (see, Matter of Rickey B., 158 AD2d 1002). A review of the record reveals that the Law Guardian represented to Family Court that every possible disposition had been clearly explained to respondent, and further includes respondent's acknowledgement that she was aware of the range of alternatives including placement away from her home. The allocution reveals that respondent was aware of the alternatives.

We find no merit to respondent's remaining contentions. Other than a conclusory allegation that Family Court abused its discretion by failing to convert this PINS proceeding to one for neglect (see, Family Ct Act § 716; Matter of Paul H., 47 AD2d 853), respondent fails to demonstrate a substantive basis warranting such conversion. Nor do we find that Family Court erred in failing to order an investigation pursuant to Family Court Act § 1034 absent a request to do so. While some of respondent's difficulties may have origins in the inadequacies of her home which could be characterized as related to neglect, the scope of the problems suggests that they are much broader based and clearly within the jurisdiction of a PINS proceeding (Family Ct Act art 7). Nor do we find error in the court's acceptance of an oral probation report in a successful effort (on consent) to achieve a desired placement, the availability of which had time limitations. The issue was discussed and the requirement for a written report was waived by all parties. Under these circumstances, we find no error.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.