■ In the Matter of TABITHA LL., a Person Alleged to be a Person in Need of Supervision, Appellant. RALPH CORBO, as Principal of Ticonderoga High School, Respondent. [627 NYS2d

807] —Mikoll, J. P. Appeal from an order of the Family Court of Essex County (Dawson, J.), entered August 22, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

The petition filed September 23, 1993 in this proceeding alleged that respondent, then a student at Ticonderoga High School, had been absent eight out of 10 days in the current school year and many other days in the preceding school years. The petition requested that she be adjudged to be a person in need of supervision (hereinafter PINS). During her arraignment, Family Court informed respondent of the allegations in the petition and further advised her that she had a right to require that every word of the petition be read to her. Respondent's Law Guardian answered that there was no need to read the petition, that he had reviewed it with respondent on several occasions and also with her mother and father, who were present in court. Family Court then informed respondent that she had the right to remain silent and stated, "That is, you can't be forced to make any admission or to testify here in any fashion whatsoever with respect to the material allegations of the petition." Her Law Guardian responded that respondent was prepared to admit that she has missed a significant number of days in the 1993-1994 school year for which there was no excuse. The court then asked respondent if she admitted that she was illegally absent from school on eight or nine days. She replied affirmatively. The court then found her to be a PINS based on her admission.

Family Court continued to advise respondent that she had a right to an adjournment before going to a dispositional hearing and asked if her Law Guardian had explained that to her. Respondent answered affirmatively and, after further discourse among those present, the court made a provisional disposition based on the understanding of the parties that she would be in the physical custody of her mother pending certain test evaluation results. Family Court remanded her to the custody of the Essex County Department of Social Services for placement. Following further dispositional proceedings, respondent was placed in the custody of the Commissioner of Welfare for placement with an authorized agency by order dated August 22, 1994. Respondent's appeal is from that order.

Subsequently, Family Court in an order dated March 6, 1995 terminated the order of August 22, 1994 and released respondent from the custody of Essex County Department of Social Services.

In view of the March 6, 1995 order, petitioner contends that this appeal is now moot. Respondent argues that the PINS adjudication is not moot because the order of March 6, 1995 does not affect the PINS adjudication, which respondent argues should be reversed. We agree with respondent's argument to the extent that the PINS adjudication, separate from the dispositional adjudication, is not moot, as the PINS adjudication involves "a possibility of collateral legal consequences" preserving the merits of the appeal for review (*see, Matter of Erik P.*, 42 AD2d 908, 909; *see, e.g.*, Family Ct Act § 783). Nevertheless, respondent's claim that Family Court erred in its dispositional and placement determination that placed her other than in her father's home is now moot and will not be reviewed by this Court since Family Court has granted her the relief she seeks on this issue in its order of March 6, 1995 (*see, Matter of Angelina AA.*, 211 AD2d 951, 953; *see also, Matter of Jamie J.*, 209 AD2d 896).

Petitioner's argument that respondent's appeal is untimely because she did not take an appeal from Family Court's October 25, 1993 dispositional order is without merit. Although a fact-finding order adjudicating a respondent to be a PINS is not appealable as a final order, respondent's appeal from the subsequent order of disposition dated August 22, 1994 brings up for review the intermediate adjudication order (*see, Matter of Anthony SS.*, 197 AD2d 767, 768; *see also*, Family Ct Act § 754 [1] [c]; § 756 [a] [ii] [1]).

Respondent's contentions, that Family Court's failure to inquire whether she wished to remain silent, to advise her of her right to a fact-finding hearing or to insist on proof of petitioner's allegations beyond a reasonable doubt was error requiring reversal of the PINS adjudication, is rejected. Contrary to respondent's assertions, the record reveals that respondent was advised of her right to remain silent as required by Family Court Act § 741 (a) (*compare, Matter of Tyronda K.*, 209 AD2d 816). While Family Court did not advise her of her right to a fact-finding hearing, the court did ascertain that she was aware, through her attorney, of the possible dispositional orders (*but cf.*, Family Ct Act § 321.3 [1]; *Matter of Christopher W.*, 154 AD2d 937). This Court does not follow the Fourth Department's extension of the requirements of Family Court Act § 321.3 relating to juvenile delinquency proceedings to PINS proceedings (*see, Matter of Zachary I.*, 198 AD2d 724, 725; *Matter of Jason O.*, 197 AD2d 784, 785). Respondent was sufficiently advised of her rights pursuant to Family Court Act § 741 (a) and her admissions were not invalid (*see, Matter of Jason O., supra*).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.