■ In the Matter of RANDY SS., a Person Alleged to be in Need of Supervision, Appellant. Jo ANN SS., Respondent. [640 NYS2d 821] —Yesawich Jr., J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered January 27, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

When this matter was previously before us, we considered and rejected respondent's argument that Family Court had erred in failing to hold a more comprehensive dispositional hearing (*see, Matter of Randy SS.*, 222 AD2d 884). Nevertheless, because the court had not specified the reasons for its disposition, we were constrained by Family Court Act § 754 (2) to remit the matter for that purpose.

An amended order has since been entered, setting forth the court's reasons for placing respondent with the Department of Social Services. In the interim, however, the original placement expired and apparently was not extended. Inasmuch as the original appeal was taken from the disposition only—not from the determination that respondent was a person in need of supervision—respondent concedes that the appeal is now moot, and we concur (*see, Matter of Tabitha LL.*, 216 AD2d 651, 653, *affd* 87 NY2d 1009; *Matter of Eric O.*, 205 AD2d 878).

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

■ In the Matter of the Claim of SHIRLEY J. LAWSON, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [639 NYS2d 967] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 4, 1994, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

While attending college, claimant worked for a major manufacturing company under an educational cooperative program which was to end upon graduation. With her employer's permission, she left her position early in order to study for examinations. The Board denied her application for unemployment insurance benefits on the basis that she voluntarily left her employment without good cause. Inasmuch as claimant does not dispute that she left her position before the date scheduled for her departure in order to study for final examinations, we find that the Board's decision is supported by substantial evidence.

Cardona, P. J., Mikoll, Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.