■ In the Matter of ANITA Z., a Person Alleged to be a Juvenile Delinquent, Appellant. ROBERT A. SMITH, as Rensselaer County Attorney, Respondent. [655 NYS2d 144] —Mercure, J. P. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered November 22, 1995, which, in a proceeding pursuant to Family Court Act article 3, adjudicated respondent a person in need of supervision.

Petitioner filed a juvenile delinquency petition alleging that on July 17, 1995 respondent, with intent to cause physical injury to an identified 19-year-old female victim, caused such injury by cutting the victim's neck twice with a deadly weapon (stated to be "a razor-like instrument"), acts which, if committed by an adult, would constitute the crime of assault in the second degree as defined in Penal Law § 120.05 (2). In an annexed supporting deposition, the victim stated, *inter alia*, that respondent tackled her and cut the back of her neck, causing her to sustain two cuts, each approximately four inches long, from the razor. Respondent's Law Guardian, who was apparently already representing respondent in connection with other Family Court proceedings, appeared on the current petition on September 13, 1995 and September 20, 1995, before respondent could even be located and served with process. On the latter date, an arrest warrant was issued and on October 10, 1995 respondent was brought before Family Court for an initial appearance, accompanied by her Law Guardian and her mother.

Respondent entered a denial to the petition and also to a petition that had been filed under Family Court Act article 7, which alleged in substance that respondent had run away and was beyond the lawful control of her mother. As of that time, settlement negotiations had already taken place. The following day, respondent appeared with her Law Guardian and her mother and disposed of both petitions in the following manner: the petition alleging that respondent was a person in need of supervision (hereinafter PINS) was dismissed, the juvenile delinquency petition was converted to a PINS petition and respondent acknowledged her commission of the acts underlying both petitions, i.e., that on July 17, 1995 she injured the victim by cutting her neck with a razor-like instrument and that on September 22, 1995 she ran away and was beyond the lawful control of her mother. On the resulting PINS adjudication, respondent was placed with the Division for Youth for a period of 18 months. Respondent appeals and we now affirm.

Initially, we reject the contention that the initial juvenile delinquency petition was jurisdictionally defective because it did not contain nonhearsay allegations supporting every element of the crime charged (*see*, Family Ct Act § 311.2 [3]). In our view, the allegations that respondent cut the victim on the back of the neck with a razor or razor-like instrument, causing her to sustain cuts that were four inches in length, are sufficient, if true, to support the element of physical injury (*see*, Penal Law § 10.00 [9]; *People v Bailey*, 178 AD2d 846, 848, *lv denied* 79 NY2d 943). We are also unpersuaded that Family Court's plea allocution procedures were deficient in any way (*see*, Family Ct Act § 321.3) or that Family Court did not adequately advise respondent of her right to counsel (*see*, Family Ct Act § 320.3). In any event, as petitioner correctly contends, because the juvenile delinquency petition was converted to a PINS petition prior to respondent's admissions, the requirements prescribed in Family Court Act article 3 did not apply (*see*, *Matter of Jason O.*, 197 AD2d 784; *see also*, *Matter of Zachary I.*, 198 AD2d 724).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.