■ In the Matter of JESSE WW., a Person Alleged to be in Need of Supervision, Appellant. PETER V. CARLS, as Probation Officer of St. Lawrence County, Respondent. [658 NYS2d 747] —Spain, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered July 31, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, finding respondent in violation of a prior order of disposition.

In July 1995, respondent was adjudicated a person in need of supervision (hereinafter PINS) based upon his failure to attend school; respondent was placed on probation for a term of one year. Among the various terms of probation, respondent was directed to keep all appointments with his probation officer. In

April 1996 petitioner, respondent's probation officer, filed a violation petition based upon respondent's failure to keep numerous probation appointments. At his initial appearance Family Court appointed a Law Guardian, read respondent his rights and accepted respondent's denial of the alleged violations contained in the petition. Thereafter Family Court was informed that respondent was willing to admit to the alleged violations; in the presence of respondent's parents, the Law Guardian and petitioner, Family Court engaged respondent in a thorough colloquy regarding, *inter alia*, respondent's rights to a hearing and the dispositional consequences (i.e., placement outside the home). Respondent then admitted to violating the terms of his probation, without excuse, on no less than 13 occasions.

Petitioner subsequently reported in an "Updated Dispositional Report" that "respondent reported once since the [fact-finding] hearing and then failed to report on the dates set down for the investigation appointment. The respondent was unavailable and has not reported at all." Petitioner recommended that respondent be placed in the custody of the St. Lawrence County Department of Social Services (hereinafter DSS). At the dispositional stage, the parties agreed to allow petitioner an opportunity to summarize his report and deliver a statement of alternatives. The Law Guardian did not pose any questions to petitioner and did not call any witnesses, nor did he object to the introduction of the updated report. Further, when given an opportunity by Family Court, the Law Guardian endorsed petitioner's recommendation of placement. Family Court placed respondent in the custody of DSS for a period of 18 months. Respondent appeals.

Respondent's sole contention on appeal is that his Law Guardian did not provide him with effective assistance at either the fact-finding or dispositional stages of the violation proceeding. We disagree. The record reflects that respondent's admissions were a result of full consultation between the Law Guardian, respondent and, at a minimum, respondent's mother. In addition, respondent had been advised of the facts, alternatives and consequences of his admissions. We find no evidence in the record to support respondent's contention of ineffective assistance of counsel at the fact-finding stage.

Next, we reject respondent's contention that the Law Guardian's assistance at the dispositional hearing was ineffective because he stipulated to the admission of the probation report, did not express respondent's wishes regarding the disposition and failed to call respondent as a witness to explain

his actions and/or request leniency. In our view, the circumstances in the case at bar are analogous to those which were presented to this Court in *Matter of Tina PP.* (188 AD2d 704, *appeal dismissed* 81 NY2d 834). There, as herein, all efforts to resolve the respondent's problems and eliminate the need for placement had been unsuccessful. Here, the record reveals that after the initial PINS adjudication, respondent's mother reported that respondent only returned home "every three or four days to shower and eat food", was not sleeping at home and had stolen various household items including a stereo. Further, according to respondent's mother, upon his return home respondent was often "stoned" or drunk and exhibited destructive behavior, including an attempt to start a fire. Notably, respondent points to no evidence in the record which the Law Guardian might have developed which might have mitigated or explained respondent's actions. Respondent's responses to Family Court at the time of his admission and his failure to register disagreement with the position taken by his Law Guardian at the dispositional hearing suggest that respondent was aware of and consented to his Law Guardian's strategy. In our view, respondent was clearly avoiding all attempts to provide him with probation services and was beyond the control of his mother. It is also notable that no motion to reconsider the admission or the order of disposition was made to Family Court by or on behalf of respondent (*see*, Family Ct Act §§ 761, 762).

While the Law Guardian was clearly required "to perform an active role in exploring realistic dispositional alternatives, including the possibility of retaining [respondent] at home" (*Matter of Sandra XX.*, 169 AD2d 992, 994), there is no evidence in the record which would indicate that the Law Guardian did not make such an exploration. Moreover, the record amply supports the conclusion that respondent needed the more structured and supervised environment which residential placement affords (*see, Matter of Charles EE.*, 195 AD2d 725, 726; *Matter of Angela G.*, 188 AD2d 905; *Matter of Jeanne TT.*, 184 AD2d 895, 897; *Matter of Hasan R.*, 177 AD2d 817, 817-818). In light of the overwhelming proof presented to Family Court, the Law Guardian's failure to advocate a less restrictive dispositional alternative to residential placement does not warrant a reversal.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.