■ In the Matter of SANDRA I., a Person Alleged to be in Need of Supervision, Appellant. PETER S. GLASER, as Assistant Principal of Estee Middle School—Gloversville Enlarged School District, Respondent. [665 NYS2d 117] —Yesawich Jr., J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered January 31, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

In January 1997, petitioner, the Assistant Principal of the school at which respondent was enrolled, commenced this proceeding against respondent alleging that she had misbehaved at school on several occasions by acting insubordinately, defying school rules and leaving the premises without permission. Following fact-finding and dispositional hearings, respondent was adjudicated a person in need of supervision (hereinafter PINS) and was placed in a residential facility under the custody of the Department of Social Services for 18 months. Respondent now appeals.

Initially, we reject respondent's contention that Family Court abused its discretion in refusing to substitute a neglect petition for the PINS petition pursuant to Family Court Act § 716. Although there was testimony that respondent's stepfather slapped her on one occasion for misbehaving and swearing and

that their relationship was strained, there was no indication that respondent's misbehavior at school was related to any act of parental abuse or neglect (*see, Matter of Brittany H.*, 184 AD2d 903, 903-904; *Matter of Jeanne TT.*, 184 AD2d 895, 896).

We also conclude that the record supports Family Court's disposition. The uncontroverted evidence tendered at the dispositional hearing disclosed that respondent continually disregarded rules and regulations both at school and at home. Respondent's mother testified that she was unable to control respondent despite her efforts to impose rules and curfews, that respondent ran away from home on several occasions and had threatened to harm herself and her family. Respondent was also shown to have been suspended from school on three occasions for, *inter alia*, trespassing and slapping a fellow student. In reaching its conclusion that placement was appropriate, Family Court considered less restrictive alternatives but noted that previous attempts at probation had proven unsuccessful. The record clearly establishes respondent's incorrigible behavior and hence that she is in need of a more structured and supervised environment (*see, Matter of Charles EE.*, 195 AD2d 725, 726; *Matter of Angela G.*, 188 AD2d 905). Lastly, we reject respondent's contention that Family Court erred in failing to obtain a more current psychological report (*see, Matter of Hasan R.*, 177 AD2d 817).

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.