■ In the Matter of ROBERT T., a Person Alleged to be in Need of Supervision. ALFRED HEINS, as Assistant Principal of Monticello Middle School, Respondent; ROBERT T., Appellant. [687 NYS2d 496] —Peters, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 5, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision and placed him in the custody of the Sullivan County Department of Family Services for a period of 18 months.

In December 1997, a petition to adjudicate respondent a person in need of supervision (hereinafter PINS) was filed alleging that during the 1997-1998 school year, respondent had been the subject of 16 school disciplinary referrals for conduct including fighting, insubordination, cutting detention, class disruption and use of vulgar language. On February 18, 1998, he appeared in Family Court and admitted, in substance, the allegations of the petition.

At a dispositional hearing held on April 8, 1998, evidence revealed, *inter alia*, that respondent has had no contact with his biological mother who moved out of State during his early childhood years and that his father, serving a sentence of

incarceration at a State correctional facility, was unavailable to care for him. While respondent then resided with his grandmother, she too was unable to provide him with adequate care and supervision due, at least in part, to her own alcoholism. Testimonial and documentary evidence further revealed that respondent failed to adequately attend counseling and other support services offered. Upon this evidence, Family Court found respondent to be a PINS and placed him in the care and custody of the Sullivan County Department of Family Services for a period of 18 months. This appeal solely contests that placement.

Based hereon, we cannot find that Family Court's placement constitutes an abuse of discretion since respondent clearly fits the profile of a juvenile "in need of a more structured and supervised environment" (*Matter of Sandra I.*, 245 AD2d 655, 656; *see, Matter of Charles EE.*, 195 AD2d 725, 726). While it is not disputed that respondent had shown improvement in his academic performance and conduct since March 1998 following his matriculation into an alternative school sponsored by the Monticello School District, there exists no indication that the instant adjudication has or will interfere with that placement. Respondent was assured by Family Court at the dispositional hearing that every effort would be made to place him with a foster family residing in the same school district so that his improved school performance would remain uninterrupted. Without more, we find the disposition to be, in all respects, proper.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.