■ In the Matter of NICHOLAS X., Alleged to be a Person in Need of Supervision, Appellant. JOHN D. HIGGINS, as School Psychologist of Oneonta Middle and High Schools, Respondent. [690 NYS2d 777] —Crew III, J. P. Appeal from an order of the Family Court of Otsego County (Scarzafava, J.), entered May

20, 1998, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner, a school psychologist, commenced this proceeding pursuant to Family Court Act article 7 alleging that respondent (born in 1982) was a person in need of supervision (hereinafter PINS) based upon respondent's failure to attend school during the 1996-1997 academic year. Specifically, petitioner alleged that respondent had no fewer than 23 unexcused absences prior to withdrawing from school altogether. A fact-finding hearing ensued, during the course of which respondent admitted certain allegations set forth in the petition and Family Court adjudicated respondent a PINS. At the conclusion of the dispositional hearing that followed, Family Court found, *inter alia,* that respondent's best interest would be served by placing him in the custody of the Otsego County Department of Social Services for a one-year period ending April 14, 1999.* Respondent now appeals.

We affirm. Initially, we reject respondent's contention that Family Court erred in failing to substitute a neglect petition under Family Court Act article 10 for the PINS petition brought under Family Court Act article 7. Although Family Court indeed is vested with such discretion (*see,* Family Ct Act § 716), the record before us fails to substantiate respondent's assertion that his admitted truancy was attributable to an act of parental abuse or neglect (*see, Matter of Sandra I.,* 245 AD2d 655, 655-656; *Matter of Jeanne TT.,* 184 AD2d 895, 896; *Matter of Matthew FF.,* 179 AD2d 928, 929; *compare, Matter of Paul H.,* 47 AD2d 853, 854). Our further review of the record leads us to conclude that respondent's remaining contentions, including his assertion that the disposition ordered by Family Court was inappropriate, are lacking in merit.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We are advised that respondent's placement has been extended.