■ In the Matter of JUSTIN H., a Person Alleged to be in Need of Supervision, Appellant. VITO COLLETTA, as Assistant Principal of Crispell Middle School, Respondent. [717 NYS2d 406] —Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered October 7, 1999, which, in a proceeding pursuant to Family Court Act article 7, temporarily placed respondent in the custody of the Sullivan County Department of Social Services.

In February 1999 petitioner commenced this proceeding in Orange County seeking to have the then 13-year-old respondent adjudicated a person in need of supervision (hereinafter PINS), alleging that he was illegally absent and truant from

school.[1] Respondent admitted certain allegations contained in the petition allowing a PINS adjudication and the matter was then transferred to Sullivan County for further proceedings.[2]

A dispositional hearing was completed on July 26, 1999 resulting in an order placing respondent in the custody of the Commissioner of the Sullivan County Department of Social Services for up to 12 months for appropriate residential placement and immediate mental health counseling. Thereafter, respondent prematurely filed a notice of appeal before the order of disposition was entered on October 7, 1999, but we shall treat the notice of appeal as valid and address the merits (see, Matter of Michael RR., 266 AD2d 709, 710, n 2).

Respondent initially argues that his placement in a residential setting ordered by Family Court at the conclusion of the dispositional hearing was "incongruous and unpersuasive." Respondent reasons that since Family Court was aware at the beginning of the dispositional hearing that the probation report considered him a "danger to the community" and he was allowed to remain at home during the five months that it took to complete the dispositional phase of the hearing, it was error as a matter of law to order such a restrictive disposition. We disagree. On the facts of this record, Family Court had no basis to detain respondent during the period of time it took to complete the dispositional hearing (see, e.g., Family Ct Act § 739) and the disposition imposed was authorized by the statute (see, Family Ct Act §§ 754, 756).

Moreover, we note that Family Court was not required to engage in a "least restrictive analysis" in this PINS proceeding but only to "consider the needs and best interests of the respondent as well as the need for protection of the community" (Matter of Jeremy L., 220 AD2d 908, 909, lv denied 87 NY2d 807; see, Matter of April FF., 195 AD2d 860). Our review of this record, which reflects 23 school attendance and truancy problems, 12 disciplinary referrals for the 1998-1999 school year, threats to "take out" certain school officials, a psychologist's testimony that placement in a residential setting would be in respondent's best interest and further testimony that "no negotiated dialogue" existed between respondent's parents and petitioner, more than adequately supports Family Court's proper determination that respondent was a threat to himself

---

**1.** The copy of the petition in the record on appeal does not contain either respondent's attendance record or the anecdotal record supporting the truancy claim purportedly annexed to the petition.

**2.** The record contains only the order entered upon the fact-finding hearing, not the minutes of that hearing.

and the community and in need of treatment and supervision which would best occur in an appropriate residential placement (see, Matter of Nicholas X., 262 AD2d 683; Matter of Robert T., 260 AD2d 683; Matter of Sandra I., 245 AD2d 655).

Respondent's claims of prejudicial procedural and evidentiary errors have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.