■ In the Matter of JENNIFER QQ., Alleged to be a Person in Need of Supervision. ANTHONY M. WILMARTH, as Second Assis-

tant Madison County Attorney, Respondent; JENNIFER QQ., Appellant. [880 NYS2d 219]—

McCarthy, J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered August 21, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

After stealing an all-terrain vehicle out of a neighbor's garage, respondent was charged in a juvenile delinquency petition with conduct which, if committed by an adult, would constitute petit larceny and burglary in the third degree. The juvenile delinquency proceeding was thereafter converted to a person in need of supervision (hereinafter PINS) proceeding. Upon respondent's admission to the charged conduct, she was adjudicated a PINS and, following a dispositional hearing, placed in the custody of the Madison County Department of Social Services for one year. This appeal ensued.

Respondent first claims that the proceeding against her should have been referred to probation for possible adjustment services pursuant to Family Ct Act § 320.6 (2), which states that "[a]t the initial appearance the court may, with the consent of the victim or complainant and the respondent, refer a case to the probation service for adjustment services." However, once the initial juvenile delinquency petition was converted to a PINS petition and respondent was adjudicated a PINS, the provisions of Family Ct Act article 3 no longer governed (*see e.g. Matter of Anita Z.*, 237 AD2d 813, 814 [1997]; *Matter of Zachary I.*, 198

AD2d 724, 725 [1993]; *Matter of Jason O.*, 197 AD2d 784, 784-785 [1993]; *see generally Matter of Tabitha LL.*, 87 NY2d 1009, 1011 [1996]). Thus, the motion seeking referral for adjustment services pursuant to Family Ct Act § 320.6 (2), made after respondent had been adjudicated a PINS under the converted petition, was properly denied.

Likewise unpersuasive is respondent's claim that Family Court abused its discretion in denying a motion to substitute the PINS petition with a neglect petition pursuant to Family Ct Act § 716. Although Family Court was certainly vested with discretion to grant this motion (*see Matter of Nicholas X.*, 262 AD2d 683, 684 [1999]), the facts before the court failed to substantiate any notion that substitution was a "more appropriate" resolution (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 716, at 35, 37). In other words, the evidence before Family Court did not establish that respondent's conduct underlying the PINS petition—which included stealing the all-terrain vehicle for the purpose of obtaining marihuana—was itself directly attributable to parental neglect (*see Matter of Nicholas X.*, 262 AD2d at 684; *Matter of Jeremiah RR.*, 260 AD2d 676, 678 [1999]; *Matter of Jeanne TT.*, 184 AD2d 895, 896 [1992]; *Matter of Brittany H.*, 184 AD2d 903, 903-904 [1992]; *Matter of Matthew FF.*, 179 AD2d 928, 929 [1992]). We are thus satisfied, as was Family Court, that the PINS proceeding was an appropriate response to respondent's misbehavior and problems, independent of any claimed parental neglect (*see Matter of Lanair S.*, 206 AD2d 944 [1994]; *Matter of Brittany H.*, 184 AD2d at 904).

Finally, we find no abuse of discretion in the decision to place respondent with the Madison County Department of Social Services for one year. Testimony at the dispositional hearing revealed that respondent's behavior worsened while she was in the care of her mother during the pendency of that hearing and that no other family member surfaced as a resource for her. The proof further established that respondent was in serious need of immediate intervention and treatment to address her multifaceted problems and risky behaviors ranging from chronic truancy and drug use to acts of self-injury and inappropriate sexual conduct. In short, this placement clearly served respondent's needs and promoted her best interests (*see Matter of Ashlie B.*, 37 AD3d 997, 997-998 [2007]).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.