■ In the Matter of BOARD OF EDUCATION, LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK, Appellant, v STATE EDUCATION DEPARTMENT et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 14, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller disallowing certain State aid to petitioner.

The underlying facts in this case are fully set forth in a prior decision of this court (116 AD2d 939). There we determined that petitioner had stated a viable claim for CPLR article 78 relief and reinstated its first cause of action. Briefly, this controversy involves State aid distributed to school districts through the Board of Cooperative Educational Services for the Sole Supervisory District of Putnam and Westchester Counties (BOCES-Putnam), as reimbursement for the cost of providing instructors and "resource rooms" in three of petitioner's schools used for the education of handicapped children during the 1976-1977 school year.* Respondent Comptroller determined that petitioner had not "fully shared" the resource rooms with other school districts or with pupils from outside its own district and ordered recoupment of $75,970.73 previously paid to petitioner for the 1976-1977 school year. The Comptroller opted not to seek retroactive disallowance for State aid payments made during the 1975-1976 school year. After issue was joined, Supreme Court dismissed the petition, finding that petitioner failed to produce competent evidence to support its claim for a return of the disallowed State aid. This appeal ensued.

Education Law § 1950 (1) authorizes school districts to apply to respondent Commissioner of Education for the establishment of programs in which educational services are to be shared by school districts through the auspices of a board of cooperative educational services (BOCES), including providing facilities and instructors in special subjects. Education Law § 1950 (4) (d) authorizes special classes for handicapped children in school districts on a cooperative basis, again through the auspices of BOCES. The basic procedure for reimbursement is as follows. Pursuant to contract, the school district is required to pay BOCES directly for the services rendered (Education Law § 1950 [4] [d]). BOCES, in turn, applies to the Commissioner for State aid reimbursement, which, upon receipt, is allocated to the involved school districts (Education Law § 1950 [4] [f]; [5]). The Comptroller audits the costs of operation and the records of participation as submitted by BOCES to determine eligibility for reimbursement.

In this CPLR article 78 proceeding, petitioner argues that it

---

* A contract between petitioner and BOCES-Putnam dated August 20, 1976 provided for the rental of a resource room in each of five schools operated by petitioner and instructional services in each room. This proceeding involves the costs of resource rooms in three schools in petitioner's district.

complied with the statutory requirements by "substantially sharing" its facilities (Education Law § 1950). However, the statutes and State-wide BOCES guidelines required "sharing" in every instance. Having found that the attendance records submitted through BOCES-Putnam did not reflect compliance, the Comptroller's determination to disallow cost reimbursement had a rational basis. This same absence of records to substantiate "sharing" provided the factual foundation for the determination (see, Matter of Adelman v Bahou, 85 AD2d 862, 863). Thereafter, in order to avoid hardship, the Comptroller determined to forgive retroactive recoupment of the aid paid for the 1975-1976 school year because BOCES had adopted an over-all State-wide policy of sharing and because he found that there had at least been "token sharing" in the resource rooms in petitioner's three schools. However, the Comptroller further found there had been no sharing of the three resource rooms in the 1976-1977 school year and disallowed reimbursement of costs for those three rooms. Because this determination was rational, it is entitled to deference from this court (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451).

We agree with Supreme Court that the evidence or proof of sharing offered by petitioner was lacking in credibility. Petitioner submitted handwritten lists purporting to be pupil attendance records in the three resource rooms. These lists lacked all indicia of records kept in the ordinary course of business (see, CPLR 4518 [a]) and bore no indication they were official records.

Finally, we find no support for petitioner's argument that, having forgiven recoupment of the 1975-1976 reimbursement, the Comptroller waived his right to recoup the 1976-1977 State aid. Contrary to petitioner's argument, the Comptroller's April 2, 1979 letter applied prospectively only in situations of "token sharing" and did not represent an agreement precluding recoupment in instances where, as here, the facilities were not shared at all. Moreover, there is a strong public policy to recover public funds improperly received (Matter of Westledge Nursing Home v Axelrod, 68 NY2d 862, 864). Nor is there authority for waiver of recoupment of State money erroneously paid (see, Williams Press v State of New York, 37 NY2d 434, 441). Petitioner's assertion that this court previously held that the Comptroller waived recoupment is misplaced. In our previous decision, we merely reviewed the sufficiency of the pleadings and determined that petitioner had stated a claim for relief, which could be sustained only upon proper proof (Matter of Board of Educ. v State Educ. Dept., supra, at 943).

Petitioner, however, has failed to produce such proof and, accordingly, its petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.