■ In the Matter of DAVID B., a Person Alleged to be in

Need of Supervision. (Appeal No. 1.)—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The orders adjudicating respondent a person in need of supervision must be reversed. The admissions to the allegations of the petitions were made by the Law Guardian, not respondent personally *(see, Matter of Paul H.,* 154 AD2d 943). Further, respondent was not advised by the court of his right to remain silent *(see, Matter of Patricia Ann R.,* 154 AD2d 933). Moreover, the court erred when it did not ascertain, through allocution, that respondent admitted to the acts alleged in the petition, that he voluntarily waived his right to a fact-finding hearing *(see,* Family Ct Act § 741; *Matter of Paul H., supra,* at 943; *Matter of Mark S.,* 144 AD2d 1010). We dismiss the petition in the first PINS proceeding since respondent's period of probation has terminated and we see no benefit to be gained by remitting the matter for a new fact-finding determination *(see, Matter of Mark S., supra; Matter of Corey L.,* 140 AD2d 609). We decline to dismiss the petition in the second PINS proceeding which resulted in respondent's placement because it serves as the basis for the subsequent violation petition and petitions to extend respondent's placement. The orders entered in these subsequent proceedings, however, must also be reversed because they were predicated upon the original order of placement in the second PINS proceeding which we find to be a nullity inasmuch as that order was based upon an invalid admission.

Further, we dismiss the petition filed February 20, 1990 requesting an extension of respondent's placement as untimely because it was filed after "the original expiration date" of respondent's placement *(see,* Family Ct Act § 756-a [a]). We remit the petitions filed July 13, 1989 (extension of placement) and January 16, 1990 (violation of petition) for further proceedings.

Finally, we reject respondent's claim that Berkshire Farms is not a proper petitioner *(see,* Family Ct Act § 756-a [a]). (Appeal from order of Erie County Family Court, Killeen, J.— PINS.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.