In the Matter of ERIK N., Alleged to be a Person in Need of Supervision. DIANE P., Respondent; ERIK N., Appellant.—Yesawich Jr., J. Appeal from an order of the Family Court of Rensselaer County (Spain, J.), entered July 3, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

On April 8, 1991 respondent, who had been detained since April 6, 1991, was arraigned on a person in need of supervision (hereinafter PINS) petition filed by his mother and on a delinquency petition filed by the County Attorney's office at the instance of his mother; the latter petition charged that respondent had committed acts which, if committed by an adult, would constitute criminal mischief in the fourth degree,

a class A misdemeanor. Respondent, through his Law Guardian, entered a general denial to both petitions and moved to be released from custody. Family Court denied the motion and adjourned the case until the next day to enable respondent's mother to be present. On April 9, 1991, when respondent again denied the petitions' allegations, his mother and the presentment agency requested that he remain in detention until resolution of the petitions. Although respondent protested his continued detention, Family Court adjourned the matter until April 23, 1991 for submission of a diagnostic report, scheduled a fact-finding hearing for April 30, 1991 and directed respondent's continued detention until that time.

By order to show cause dated April 22, 1991, respondent moved to dismiss the PINS and the delinquency petitions on the ground that he had been deprived of his statutory right to a timely hearing (Family Ct Act §§ 340.1, 747). The motion was heard on April 23, 1991 at which time Family Court observed that the diagnostic report was available and that the Law Guardian had raised legitimate issues concerning timeliness and therefore offered to accelerate the hearing to the following day. Respondent contended that a more expeditiously scheduled ex post facto hearing did not cure the wrong already experienced. Explaining that the hearing was not held within the statutorily required three days because of respondent's tacit approval of such scheduling, Family Court denied the motion to dismiss and scheduled the hearing for April 25, 1991.

Before the close of the April 23, 1991 hearing on the motion, however, respondent accepted the presentment agency's plea offer that in exchange for his admission that he had engaged in certain of the conduct alleged in the PINS petition the delinquency proceeding would be adjourned in contemplation of dismissal; the need for a fact-finding hearing was therefore obviated. During the plea allocution, respondent was not specifically notified of his right to remain silent; afterwards, his detention was continued until disposition. At the dispositional hearing, respondent was adjudicated a PINS and placed in the custody of the Department of Social Services for residential placement for a period of up to 18 months. From the order entered thereon, respondent appeals.

It is undisputed that the fact-finding hearing was not commenced within three days of the filing of the PINS petition as mandated by Family Court Act § 747; hence, the only question is whether it was properly adjourned. Family Court Act § 748 (a) provides for adjournment while the respondent is in deten-

tion "(i) on [the court's] motion or on motion of the petitioner for good cause shown *for not more than three days* [or] (ii) on motion on behalf of the respondent or by his parent or other person legally responsible for his care *for good cause shown, for a reasonable period of time"* (emphasis supplied). Section 748 (c) enjoins Family Court to set forth on the record the reason for any adjournment. Here, the court adjourned the hearing on its own motion for significantly longer than three days. Although the reason given—to await the reception of a diagnostic report—is obviously a salutary one, it does not justify an adjournment beyond the statutory limit. Respondent having been deprived of a timely hearing, the PINS petition must be dismissed. The rationale for this conclusion proceeds from the manner in which respondents are to be treated in juvenile delinquency proceedings where it has been incontrovertibly held that the "speedy hearing" requirement is to be strictly construed (Family Ct Act §§ 310.2, 340.1; *see, Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408).

Moreover, reversible error occurred when Family Court failed to specifically advise respondent of his right to remain silent, as required by Family Court Act § 741 (a), before accepting his admissions to the allegations in the PINS petition *(see, Matter of David B.,* 167 AD2d 885, 886; *Matter of Kent H.,* 162 AD2d 1058; *Matter of Rayshawn R.,* 161 AD2d 1205, 1206; *Matter of Damian C.,* 161 AD2d 1206).

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.