In the Matter of JODEL KK., Alleged to be a Person in Need of Supervision, Appellant. FRED J. WEBER, as Attendance Teacher for City of Troy School District, Respondent.

Third Department, March 25, 1993

APPEARANCES OF COUNSEL

*Eugene P. Grimmick, Law Guardian,* Troy, for appellant.

*Robert A. Smith,* Troy, for respondent.

## OPINION OF THE COURT

CREW III, J.

Petitioner commenced this proceeding alleging that respondent was a person in need of supervision (hereinafter PINS) due to her alleged absences from school. Respondent admitted the allegations contained in the petition and, following a dispositional hearing, was placed in the custody of the Rensselaer County Department of Social Services for 18 months. Respondent now appeals, contending that the petition was jurisdictionally defective because it was based solely upon hearsay.

Respondent initially asserts that a noncertified, unauthenticated copy of a form purporting to be her school attendance record does not qualify as a business record within the meaning of CPLR 4518 (a). We agree. Although petitioner has alleged that the document, which was apparently attached to the underlying petition, was maintained in the ordinary course of business by the school district, the record does not disclose the routine followed by school personnel in recording attendance and/or generating this particular document. In the absence of some indication as to when or by whom this document was made and whether it is an original attendance record or one prepared with this proceeding in mind *(cf., Matter of George C.,* 91 Misc 2d 875, 879), we cannot conclude that the systematic and routine characteristics generally associated with business records are present here *(see generally, Matter of Board of Educ. v State Educ. Dept.,* 135 AD2d 903, 905). Thus, contrary to petitioner's contention, the petition at issue here was based solely upon hearsay. The question remaining is whether the petition is jurisdictionally defective as a result.

Pursuant to Family Court Act § 732, a proceeding to adjudicate a person to be a PINS is commenced by the filing of a petition alleging, *inter alia,* that "the respondent is an habitual truant or is incorrigible, ungovernable, or habitually disobedient and beyond the lawful control of his [or her] parents, guardian or lawful custodian, and specifying the acts on which the allegations are based and the time and place they allegedly occurred" (Family Ct Act § 732 [a]). Family

Court Act article 7 does not, however, establish a standard by which the legal sufficiency of the petition may be measured and, in this regard, is in marked contrast to Family Court Act § 311.2, which governs the sufficiency of petitions in juvenile delinquency proceedings and requires that the petition contain, *inter alia*, "*non-hearsay* allegations of the factual part of the petition or of any supporting depositions [which] establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3] [emphasis supplied]; *see, Matter of Detrece H.,* 78 NY2d 107, 109; *Matter of David T.,* 75 NY2d 927, 928). Thus, under Family Court Act article 3, "[a]ny petition that does not contain such factual allegations is both legally insufficient and jurisdictionally defective" *(Matter of Detrece H., supra,* at 109; *see, Matter of Verna C.,* 143 AD2d 94).

Respondent acknowledges, as she must, that there is no statutory requirement in Family Court Act article 7 that a PINS petition contain nonhearsay allegations. Although respondent contends that this alleged "statutory shortcoming" may be remedied by simply applying the more stringent requirements of Family Court Act § 311.2, we are of the view that neither the legislative history of Family Court Act article 3 nor general principles of statutory construction would support such a result.* When the Family Court Act was originally enacted in 1962 *(see,* L 1962, ch 686), both PINS and juvenile delinquency proceedings were governed by article 7. Separate provisions were made for the commencement of the respective proceedings *(see,* Family Ct Act former § 731 [originating juvenile delinquency proceeding], § 732 [originating PINS proceeding]), but no mention was made of the standard

---

* It appears that the creation of a separate Family Court Act article 3 was the result of the evolution that delinquency proceedings underwent in the 20 years following the initial enactment of the Family Court Act (L 1962, ch 686; *see,* Mem of Senator Halperin in support, Bill Jacket, L 1982, ch 920). During that time, and in apparent response to a number of intervening court decisions *(see, e.g., In re Winship,* 397 US 358; *In re Gault,* 387 US 1), delinquency proceedings progressed from "virtually ex parte matters to adversarial proceedings involving defense and public representation" (Sobie, Introductory Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 3, at 259). "Viewed originally as a corollary to delinquency, PINS procedures were nevertheless largely excluded from the developing delinquency case law. As a result, the continuation of parallel statutory provisions became increasingly untenable" *(id.,* at 260). Hence, the development of Family Court Act article 3, which contains many provisions derived from the Criminal Procedure Law *(see, e.g.,* Family Ct Act § 311.2 [derived from CPL 100.40 (1)]).

by which the sufficiency of a petition brought under either provision was to be measured.

It was not until the Family Court Act was amended in 1982 and a separate article 3 was established *(see,* L 1982, ch 920) that the nonhearsay requirement presently found in Family Court Act § 311.2 was imposed with respect to juvenile delinquency petitions. In so doing the Legislature, whether intentionally, inadvertently or as the result of political compromise *(see,* Besharov, Introductory Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act art 7, at 6), left Family Court Act article 7 unchanged and, hence, imposed no similar requirement upon PINS petitions. For the reasons set forth in the majority opinion in *Matter of Keith H.* (188 AD2d 81, *revg* 150 Misc 2d 470), we are of the view that neither due process nor equal protection concerns mandate that the nonhearsay requirement contained in Family Court Act § 311.2 be incorporated into petitions brought under Family Court Act article 7. Accordingly, the petition here was not jurisdictionally defective and Family Court's order adjudicating respondent a PINS should therefore be affirmed.

MIKOLL, J. P., YESAWICH JR., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is affirmed, without costs.