■ In the Matter of GUY II., a Person Alleged to be in Need of Supervision, Appellant. THOMAS II., Respondent. [595 NYS2d 986] —Levine, J. Appeal from an order of the Family Court of Rensselaer County (Spain, J.), entered July 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Respondent appeals from an order adjudicating him a person in need of supervision (hereinafter PINS) and placing him on probation for a period of one year. The record reveals that reversible error occurred when Family Court failed to specifically advise respondent of his right to remain silent, as required by Family Court Act § 741 (a), before accepting his admissions to the allegations in the PINS petition *(see, Matter of Erik N.,* 185 AD2d 433; *Matter of David B.,* 167 AD2d 885, 886; *Matter of Kent H.,* 162 AD2d 1058; *Matter of Rayshawn R.,* 161 AD2d 1205, 1206; *Matter of Damian C.,* 161 AD2d 1206). The order adjudicating respondent a PINS must, therefore, be reversed and the order of disposition vacated.

Dismissal of the petition as legally insufficient to meet the

requirements of due process is not, however, required because there is no statutory or constitutional requirement that a PINS petition set forth nonhearsay allegations of fact *(see, Matter of Jodel KK.,* 189 AD2d 63; *Matter of Keith H.,* 188 AD2d 81; *compare,* Family Ct Act § 732, *with* Family Ct Act § 311.2 [3]; *cf., Matter of Detrece H.,* 78 NY2d 107). Moreover, the PINS petition was sufficiently specific to comply with the requirements of Family Court Act § 732 (a). The petition, signed by respondent's father, alleged specific continuing, habitual and regular misconduct by respondent that lead to the petition being instituted, and provided respondent with sufficient notice of the nature of the conduct underlying the petition to allow him to prepare a defense *(see,* Family Ct Act § 732 [a]; *see also, People v Keindl,* 68 NY2d 410, 416-417; *People v Morris,* 61 NY2d 290, 293-295; *Matter of Ralph D.,* 163 AD2d 752, 754; *cf., Matter of Andrew R.,* 115 Misc 2d 937, 939; *Matter of Reynaldo R.,* 73 Misc 2d 390, 394).

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.