■ In the Matter of MARANGEL LL., a Person Alleged to be in Need of Supervision, Appellant. FRED J. WEBER, as Attendance Teacher for City of Troy School District, Respondent. [595 NYS2d 987] —Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered June 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner commenced this proceeding alleging that respondent was a person in need of supervision (hereinafter PINS) due to her alleged absences from school. Respondent admitted the allegations contained in the petition and, following a dispositional hearing, was placed on probation for one year. Respondent now appeals, contending that the petition was jurisdictionally defective because it was based solely upon hearsay.

This appeal presents the very issue addressed and decided by this Court in *Matter of Jodel KK.* (189 AD2d 63). The respondent in *Jodel* argued, as does respondent here, that due process mandates that Family Court Act § 311.2, which governs the sufficiency of petitions in juvenile delinquency proceedings and requires that such petitions contain, *inter alia,*

"non-hearsay allegations of the factual part of the petition or of any supporting depositions [which] establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]), be incorporated into petitions brought under Family Court Act article 7. Simply stated, there is no statutory or constitutional requirement that a PINS petition brought under Family Court Act article 7 set forth nonhearsay allegations (see, Matter of Jodel KK., supra; see also, Matter of Guy II., 192 AD2d 770 [decided herewith]; Matter of Keith H., 188 AD2d 81). Accordingly, the petition here was not jurisdictionally defective and Family Court's order adjudicating respondent a PINS should therefore be affirmed

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the order is affirmed, without costs.