■ In the Matter of SARA G., a Person Alleged to be in Need of Supervision, Appellant. FRED J. WEBER, as Attendance Teacher of the Enlarged City School District of Troy, Respondent. [597 NYS2d 524] —Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered August 10, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Petitioner commenced this proceeding alleging that respondent was a person in need of supervision (hereinafter PINS) due to her alleged absences from school. Respondent admitted the allegations contained in the petition and, following a dispositional hearing, was placed on probation for one year. Respondent now appeals, contending that the petition was jurisdictionally defective because it was based solely upon hearsay.

We agree that a noncertified, unauthenticated copy of a form purporting to be respondent's attendance record does not qualify as a business record within the meaning of CPLR 4518 (a) (see, Matter of Jodel KK., 189 AD2d 63, 64; see also, Matter of Board of Educ. v State Educ. Dept., 135 AD2d 903, 905; Matter of George C., 91 Misc 2d 875, 879), and the petition was therefore based solely upon hearsay. This Court has previously held, however, that there is no statutory or constitutional requirement that a PINS petition brought under Family Court Act article 7 set forth nonhearsay allegations (Matter of Jodel KK., supra; see, Matter of Guy II., 192 AD2d 770; Matter of Marangel LL., 192 AD2d 771; see also, Matter of Keith H., 188 AD2d 81). Accordingly, the petition here was not jurisdictionally defective and Family Court's order adjudicating respondent a PINS should therefore be affirmed.

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.