■ In the Matter of CHAD M., A Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 997] —In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court, Queens County (Sparrow, J.), entered October 12, 1993, which, upon a finding that the appellant was a person in need of supervision, upon his plea of guilty, placed him in the custody of the New York City Commissioner of Social Services for a period of one year.

Ordered that the order of disposition is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the plea is vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings.

The petitioner pleaded guilty to the allegation that he was a person in need of supervision, and consented to be remanded to a diagnostic facility for purposes of determining the appropriate dispositional alternative. However, the court's failure to advise the appellant of his right to remain silent violated the express mandate of Family Court Act § 741 (a) and requires vacatur of the plea (see, Matter of Anthony SS., 197 AD2d 767; Matter of Guy II. [Thomas II.], 192 AD2d 770; Matter of Erik N., 185 AD2d 433; Matter of David B., 167 AD2d 885; Matter of Augustina F., 156 AD2d 1030; Matter of Justin M., 79 AD2d 1028). In light of our determination with respect of the foregoing, we need not reach the appellant's remaining contentions. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.