■ In the Matter of ELIHU McMAHON, Respondent-Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent, and BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant-Respondent. [651 NYS2d 742] —Yesawich Jr., J. Cross appeals, by permission, from a judgment of the Supreme Court (Torraca, J.), entered December 29, 1994 in Albany County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education finding petitioner guilty of six charges of misconduct.

Petitioner, a tenured teacher in the City School District of the City of New York (hereinafter the District), was charged with 17 specifications of misconduct and was suspended with pay pending a hearing (*see*, Education Law former § 3020-a). A majority of the Hearing Panel found petitioner not guilty of any of the charges. The dissenting panel member would have adjudged him guilty of six of the specifications (including five charges of making inappropriate comments, and one of using excessive force), and recommended that he be severely reprimanded.

Respondent Board of Education of the District (hereinafter the Board) appealed the Hearing Panel's decision to respondent Commissioner of Education (*see*, Education Law former § 3020-a [5]), and petitioner's return to duty was stayed pending the administrative appeal. The Commissioner modified the Hearing Panel's decision, found petitioner guilty of making

improper derogatory remarks on six occasions, and imposed a penalty of three months' suspension without pay. Petitioner thereafter brought this CPLR article 78 proceeding to annul the determination and Supreme Court granted the petition, finding that the Commissioner had acted improperly in considering the merits of the appeal, given the failure of the Hearing Panel to specify, in detail, the factual basis for its majority decision. The matter was remanded so that the panel members could outline the factual findings underlying their conclusions. The Board and petitioner have each received permission to appeal from the resulting judgment.

Although it is, as the Board observes, the propriety of the Commissioner's determination, not that of the Hearing Panel decision, which is at issue in this CPLR article 78 proceeding (*see, Matter of Strongin v Nyquist*, 44 NY2d 943, 945, *cert denied* 440 US 901), we are of the view, nevertheless, that Supreme Court did not err in resolving the matter as it did. The Board essentially contends that the adequacy of the Hearing Panel's report is irrelevant, because the Commissioner made his own findings of fact—which the Board suggests are irrefutable—with respect to those specifications he sustained. We disagree, for while the Commissioner may, in a proper case, substitute his judgment for that of the panel (*see, Matter of Ellis v Ambach*, 124 AD2d 854, 857, *lv denied* 69 NY2d 606), his role remains that of reviewer, as is apparent from his deferential stance toward those aspects of the panel's decision which he perceives as involving the resolution of credibility questions.

Noteworthy, in this regard, is the fact that the Commissioner, on several previous occasions, has held that a panel decision lacking the required analysis and factual justification "must be annulled on procedural grounds and remanded for a proper determination" (*Matter of Board of Educ. of Greenburgh Cent. School Dist. No. 7*, 33 Ed Dept Rep 526, 529; *see, Matter of Koch*, 14 Ed Dept Rep 40, 41). The parties are entitled to be apprised of the factual findings made by the Hearing Panel, so that they can effectively advocate for the acceptance or rejection of its position, and to have the Hearing Panel's conclusions reviewed by one with full knowledge of how these conclusions were reached. Accordingly, we agree with Supreme Court that the Commissioner acted arbitrarily and irrationally (*see, Matter of Shurgin v Ambach*, 56 NY2d 700, 702) in refusing to remand the matter to the Hearing Panel for further explication of the grounds for its decision.

As for petitioner's contention that he should have been

awarded back pay and benefits lost as a result of the three-month suspension imposed by the Commissioner, it is enough to note that such relief is unwarranted at this juncture, as a final determination on the merits is yet to be made. If the Hearing Panel's conclusions are ultimately upheld by the Commissioner (or, in the event they are modified, if the penalty imposed upon petitioner is less severe than that already exacted), petitioner's arguments will then be ripe for consideration.

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.