■ In the Matter of CREST MAINSTREAM, INC., Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [684 NYS2d 337] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 21, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Education holding that petitioner overstated certain reimbursable expenses.

Petitioner is a private preschool and daycare center in Jefferson County. In addition to various nonspecial educational services, it provides, for a profit, special education services to preschool children with disabilities (*see*, Education Law art 89; *see also*, 8 NYCRR part 200). In connection with a review of petitioner's eligibility to continue to be an approved provider of such services, respondent Department of Education was ordered to conduct a fiscal audit for academic years 1991-1992 through 1995-1996. The five-month audit, which reflected deficiencies in petitioner's record keeping, accounting and reporting systems, resulted in a finding that petitioner overstated its reimbursable expenses by $634,382. In this CPLR article 78 proceeding, petitioner argues that the Department's calculation of the disallowed expenses was arbitrary and capricious. We disagree and affirm Supreme Court's judgment dismissing the petition.

As an approved provider, petitioner is entitled to be reimbursed with public funds for the special education services it provides (*see*, 8 NYCRR 200.7 [a] [1] [i]; [2]). Petitioner's tuition rate—i.e., "the per pupil amount * * * for full-time-equivalent students" (8 NYCRR 200.9 [a] [25]; *see*, Education Law § 4401 [5]) which includes direct and nondirect care costs (8 NYCRR 200.9 [a] [11], [15]; [f] [1] [i])—is calculated by respondent Commissioner of Education based upon submitted financial reports (*see*, Education Law § 4405; 8 NYCRR 200.9

[e] [1]). Adjustments however, will be made for any cost "not considered necessary or directly related to the operation of the specific approved special education program" (8 NYCRR 200.9 [f] [1] [iv] [a]) "that cannot be substantiated on field audit by adequate written documentation * * * [which] shall include * * * payroll records, allocation records, canceled checks, invoices, and depreciation schedules" (8 NYCRR 200.9 [f] [1] [iv] [b]) or "incurred by the program as a result of unsound business practices or accounting practices not in accordance with generally accepted accounting principles" (8 NYCRR 200.9 [f] [1] [iv] [c]).

Petitioner claims that the calculation of the disallowed expenses was arbitrary and capricious because such expenses were incurred in reliance upon the Department's "erroneous written guidance" during a 1992 program review. Petitioner claims that the Department approved of its practices and procedures following this review and it would therefore be "unconscionable" to now punish it for areas of noncompliance not raised at that time. The 1992 review, however, was not conducted by an auditor but by a "regional associate", and was a *program* review for the purpose of "monitor[ing] the program's compliance with State and Federal laws and regulations governing the education of preschool students with disabilities and [providing] technical assistance regarding [the] program's implementation of [8 NYCRR 200.16]". We are unpersuaded that prior Department approval of petitioner's program pursuant to 8 NYCRR 200.7 and 200.16 constituted express or tacit approval of petitioner's compliance with accounting and record-keeping regulations outlined in 8 NYCRR 200.9.

Petitioner readily admits that it "failed to have in place sufficient record keeping, accounting and reporting systems upon which the auditors could rely". Petitioner argues that even though it did not "maintain sufficient documentation to back-up expenses" from the preceding five-year period, it was improper to disallow legitimate expenses because of record-keeping deficiencies. The accounting regulations governing petitioner, however, are quite clear (*see*, 8 NYCRR 200.9 [d]). They obligate petitioner to maintain accounts in accordance with generally accepted accounting principles and retain records for *seven* years documenting that all costs in the operation of its special education program were necessary and directly related thereto (*see*, 8 NYCRR 200.9 [d], [f] [1]). Equally clear under the statutory and regulatory scheme is that petitioner was subject to fiscal audits (*see*, Education Law § 4405 [4] [h]; § 4410 [11] [c] [ii]; 8 NYCRR 200.18 ).

To this end, there is nothing "shocking" about disallowing expenses that are not adequately substantiated upon fiscal audit or requiring overpayments of public funds to be reimbursed (*see*, 8 NYCRR 200.18 [c] [2]). On the contrary, public policy strongly favors recoupment of improperly received public funds (*see, e.g., Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 182, *cert denied* 476 US 1115; *Matter of Board of Educ. v State Educ. Dept.*, 135 AD2d 903, 905). Because we find that the Department's determination has a rational basis in the record and is neither arbitrary nor capricious, it will not be disturbed (*see generally, Matter of Organization to Assure Servs. for Exceptional Students v Ambach*, 56 NY2d 518, 521; *Matter of Ferncliff Manor for Retarded v Ambach*, 116 AD2d 841, 843).

Petitioner's remaining contentions have been reviewed and rejected as unpersuasive.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.