■ In the Matter of JEREMIAH RR., a Person Alleged to be in Need of Supervision. CATHERINE RR., Respondent; JEREMIAH RR., Appellant. [687 NYS2d 483] —Mikoll, J. P. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered January 22, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

Upon a petition filed by his mother, respondent was adjudicated to be a person in need of supervision (hereinafter PINS) and was subsequently placed in the custody of the Otsego County Department of Social Services for a period of 18 months. Respondent appeals, contending that the petition was facially defective, the proof was insufficient to sustain the PINS finding and Family Court abused its discretion in refusing to replace the PINS petition with a neglect petition pursuant to Family Court Act § 716. We disagree and affirm the order of Family Court.

The petition alleged that respondent, then age 15, was habitually truant, ungovernable and beyond the lawful control of his parents or other legal custodian. Annexed to the petition was an itemization of 25 days between September 24, 1997 and December 2, 1997 on which respondent was absent from school without excuse, suspended for misconduct or left school without permission, and two days on which he was removed from class for being uncooperative. The attachment also alleged that respondent had run away from home on several unspecified occasions, and generally that he refused to follow rules at home and refused to come home or stay home when directed to do so. Respondent neither moved in Family Court to dismiss the petition for failure to meet the requirements of Family Court Act § 732 (a) nor requested a bill of particulars to amplify its allegations. Were this claim preserved for our review, we would find that the petition was sufficiently specific to apprise respondent of the conduct upon which the proceeding was based, and to permit him to prepare a defense thereto (*see, Matter of Guy II.*, 192 AD2d 770, 771; *Matter of Jodel KK.*, 189 AD2d 63, *lv denied* 82 NY2d 652).

Contrary to respondent's assertions, the evidence presented at the fact-finding hearing was sufficient to prove beyond a reasonable doubt (Family Ct Act § 744 [b]) that respondent intentionally failed to attend school in violation of Education Law § 3205 (1). The attendance records and testimony of the principal of Cherry Valley-Springfield Central School established that during the period from September 24, 1997 to December 2, 1997, respondent had numerous unexcused absences, unauthorized departures and suspensions resulting from respondent's insubordination and refusal to attend classes while physically in the school building. That his truancy was willful was further established by respondent's grandmother, with whom he resided during the relevant periods, who testified that when she confronted him about his refusal to go to school his only explanation was that he did not want to go.

Further, petitioner testified that on two occasions she drove her son to school but he refused to go into the building, walking home instead.

There is no merit to respondent's contention that Family Court should have substituted a neglect petition for the PINS petition based on testimony that respondent was allowed to drink alcoholic beverages in his grandmother's household. This testimony consisted of the probation officer who prepared the dispositional report recounting that "[respondent] tells me that on special occasions, holidays and things he's allowed to have a drink and his mother believes that he's given wine coolers to drink at this household". Even assuming the accuracy of this report, there was no evidence to suggest that respondent's conduct forming the basis for the PINS petition, principally his refusal to attend school, was related to alcohol consumption or any other parental neglect.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.