■ In the Matter of SCHENECTADY AMBULANCE AND OXYGEN SERVICE, INC., Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [700 NYS2d 762] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 8, 1998 in Albany County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Health to transfer ambulance service certificates.

In January 1984, petitioner entered into a written agreement with respondent Parkland Ambulance Service, Inc. reciting that due to financial difficulties rendering it impossible to continue operating, petitioner agreed to irrevocably transfer its ambulance operating service certificate to Parkland for the sum of $25,000. Pursuant to this agreement, petitioner relinquished full control of the operation of its ambulance service to Parkland. Because of petitioner's outstanding liabilities, including Federal and State tax obligations, Parkland did not purchase petitioner's stock but reserved the right to do so at such time as petitioner resolved its financial problems.

Respondent Department of Health (hereinafter DOH) was duly notified of this arrangement and supplied with a copy of the agreement. Subsequent operating certificates were issued in the name of "Schenectady Ambulance Service operated by Parkland Ambulance Service, Inc." from 1984 to 1996. In September 1996, acting pursuant to a request from DOH to

formalize the change effected by the 1984 agreement, Parkland applied for nunc pro tunc approval of the transfer of petitioner's ambulance service certificate. Because Parkland's principal had since formed a new corporation called "Schenectady Ambulance Service, Inc.", two transfer applications were involved: The first sought approval of the 1984 transfer from petitioner to Parkland and the second sought approval of the transfer from Parkland to the new corporation, Schenectady Ambulance Service, Inc.

After referring the application to the Regional Emergency Medical Services Council (hereinafter the Council) for a "fitness and competence" review, DOH authorized the transfers in November 1996. Petitioner* commenced this CPLR article 78 proceeding challenging DOH's action and seeking relief in the nature of mandamus requiring DOH to revoke Parkland's authority to operate in the geographical area covered by petitioner's former operating certificate. Supreme Court dismissed the petition, prompting this appeal. We affirm.

The gravamen of petitioner's challenge in Supreme Court was that DOH improperly treated Parkland's transfer applications as falling within the scope of Public Health Law § 3010 (2) (d), which provides as follows: "No ambulance service certificate shall be transferable unless the regional council and the department reviews and approves the transfer as follows: * * * d. Any transfer of all or substantially all of the assets of a corporation which owns or operates a certified ambulance service shall be approved based upon a determination that the individual, partnership, or corporation proposing to obtain all or substantially all of the assets of the corporation is competent and fit to operate the service."

Petitioner asserts that DOH improperly concluded that the 1984 agreement between petitioner and Parkland effected a transfer of all or substantially all of the assets of petitioner and improperly limited the Council's review of Parkland's transfer application to the question of its fitness and competence. We cannot agree. Contrary to petitioner's claims before Supreme Court and on this appeal, the applicability of Public Health Law § 3010 (2) (d) does not require a transfer of corporate ownership but instead expressly refers to the transfer of "all or substantially all" corporate assets. A reasonable reading of the 1984 agreement signifies that the only asset of value possessed by petitioner at the time was its ambulance operat-

---

* On a prior appeal (260 AD2d 715), we affirmed Supreme Court's order finding that all other petitioners lacked standing and removing them from the proceeding.

ing certificate and, conclusory assertions aside, petitioner has shown nothing to the contrary.

Nor are we persuaded by petitioner's claim that DOH was required to refer the question of whether the 1984 agreement effected a transfer of all or substantially all of petitioner's assets to the Council. DOH's interpretation of the statute as requiring only referral of the question of the proposed transferee's fitness and competence is neither irrational, unreasonable nor inconsistent with the statutory scheme and, as the agency charged with enforcement thereof, its determination will be accorded substantial weight and judicial deference (*see, Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 238; *Matter of Drew v Schenectady County*, 212 AD2d 177, 179, *affd* 88 NY2d 242).

Likewise without merit is petitioner's claim that Supreme Court erred in denying its request for relief in the nature of mandamus to compel DOH to initiate enforcement proceedings against Parkland by reason of claimed misrepresentations in its various applications for ambulance operating certificates. The plain language of the enforcement statute invoked by petitioner, Public Health Law § 3012 (1), permits but does not require DOH to impose penalties where warranted. While the remedy of mandamus may be invoked to compel a governmental body or officer to perform a ministerial duty, it does not lie to compel action involving the exercise of discretion or judgment, including an agency's decision not to pursue authorized enforcement action (*see, Matter of Mullen v Axelrod*, 74 NY2d 580, 582).

In view of our determination that Supreme Court's order should be affirmed on its merits, we do not reach Parkland's alternative grounds for affirmance.

Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.