■ In the Matter of KERRY V. M., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. [701 NYS2d 584] —Order unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Family Court erred in failing to grant the motion of respondent to dismiss the petition on the ground that she was denied the right to a speedy fact-finding hearing. Family Court Act § 340.1 (1) provides in part that "[i]f the respondent is in detention and the highest count in such petition is less than a class C felony the fact-finding hearing shall commence no more than three days after the conclusion of the initial appearance". If a respondent is in detention and the petition charges less than a class C felony, subdivision (4) of that section permits a court to adjourn a fact-finding hearing for not more than three days for "good cause shown". The initial appearance by respondent on a petition charging her with assault in the third degree, a class A misdemeanor, occurred on August 31, 1998. At the conclusion of the initial appearance, respondent was released to the Chautauqua County Department of Social Services (DSS). Respondent, counsel for DSS and the County Attorney appeared before the court on September 4, 1998. Counsel for DSS requested that respondent be placed in detention. The County Attorney, however, did not join in the motion. The court granted the request, remanded respondent to detention and adjourned the matter to September 10, 1998, six days later. The court did not state its reasons for not conducting the fact-finding hearing within the three-day period specified in Family Court Act § 340.1. On the return date, the Law Guardian moved to dismiss the petition on the ground that respondent's speedy hearing rights were violated. The court denied the motion, stating that there was good cause for adjourning the fact-finding hearing and continuing respondent in detention for more than three days based on the long holiday weekend and the facts of the case. That was error.

Family Court Act § 340.1 is a " 'true "speedy trial" provision' " designed by the Legislature "to reduce the number of excessive and unnecessary juvenile detentions" (*Matter of Bernard T.*, 92 NY2d 738, 745). The speedy hearing requirements contained in that section are to be strictly construed (*see, Matter of Erick B.*, 200 AD2d 447; *Matter of Erik N.*, 185 AD2d 433, 435). Here, respondent was not provided a fact-finding hearing within three days of her detention, as required by Family Court Act § 340.1 (1), and the court failed to make appropriate findings on the record when it adjourned the fact-finding hearing for an additional three days (*see*, Family Ct Act § 340.1 [5]; *Matter of Randy K.*, 77 NY2d 398, 402-403; *Matter of Anthony H.*, 219 AD2d 436, 442). Thus, the court failed to set forth "good cause shown" to extend the statutory time period.

We further conclude that neither the long holiday weekend nor the "facts of the case" provided good cause for the adjournment of the fact-finding hearing. The record fails to establish that the long holiday weekend in any way prevented either the presentment agency or the Law Guardian from being ready to conduct a fact-finding hearing. Indeed, the parties had an additional day to prepare for the hearing. Because the third day fell on a holiday, the statutory period would have been extended another day (*see*, General Construction Law § 20). The record also fails to establish that the facts of the case required an adjournment of the fact-finding hearing. Rather, this is a misdemeanor matter that the presentment agency was able to prove by calling the complainant. Because respondent was denied the right to a speedy hearing (*see, Matter of Erick N., supra*, at 434-435; *see generally, Matter of Randy K., supra; Matter of Frank C.*, 70 NY2d 408), we reverse the order, grant respondent's motion and dismiss the petition. (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Juvenile Delinquency.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.