■ HEBREW INSTITUTE FOR DEAF AND EXCEPTIONAL CHILDREN et al., Appellants-Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent-Appellant, et al., Defendant. [736 NYS2d 75] —In an action, inter alia, for a judgment declaring that the defendant Board of Education of the City of New York is not entitled to recoupment of payments for special education programs provided by the plaintiffs for the years 1991-1995, and to recover any amounts unlawfully recouped, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated March 16, 2001, as denied that branch of their motion which was for summary judgment on the complaint insofar as asserted against the defendant Board of Education of City of New York, and the defendant Board of Education of the City of New York cross-appeals, as limited by its brief, from so much of the order as denied its cross motion for partial summary judgment declaring that it has the right to recoup amounts allegedly overpaid to the plaintiffs, based upon its enrollment and attendance audit.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' mo-

tion which was for summary judgment on the complaint insofar as asserted against the defendant Board of Education of the City of New York, and substituting therefor a provision granting that branch of the motion, and the matter is remitted to the Supreme Court, Kings County, for (1) an assessment of the amount of money unlawfully recouped from the plaintiffs by the Board of Education of the City of New York, and (2) the entry of a judgment (a) declaring that the enrollment and attendance audit performed by the Board of Education of the City of New York for the 1991-1995 school years was illegal, (b) declaring that any recoupment based upon that audit was illegal, and (c) permanently enjoining any further recoupment based upon that audit; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs payable by the Board of Education of the City of New York.

The education of preschool handicapped children is regulated by the New York State Department of Education, pursuant to Education Law article 89, and 8 NYCRR part 200. The plaintiff schools may provide services for preschool handicapped children from different municipalities, pursuant to contracts with those municipalities (*see generally, Matter of Long Is. Assn. for Children with Learning Disabilities v Sobol,* 175 AD2d 520). The per-pupil tuition rate is calculated by the New York State Commissioner of Education, based upon financial reports of direct and indirect care costs (*see,* 8 NYCRR 200.9 [e]; *Matter of Crest Mainstream v Mills,* 257 AD2d 969). The State regulations require allocation of operating and capital expenditures to the costs attributable to each student (*see,* 8 NYCRR 200.9 [f]).

At issue here is the right of the Board of Education of the City of New York (hereinafter the Board) to recoup alleged overpayments of tuition for preschool handicapped children, based upon an enrollment and attendance audit conducted in 1996 for the years 1991 through 1995. The requirement for audits is set by 8 NYCRR 200.18. The Board acknowledges that its enrollment and attendance audit was not performed in accordance with the provisions of 8 NYCRR 200.18. Nevertheless, it contends that it is entitled to recoupment based upon the provisions of its form contracts with the plaintiff schools.

As noted by the Supreme Court, the form contracts provide no express authority for performing audits, other than audits authorized by 8 NYCRR 200.18. The Board, by limiting its audit to the number of students enrolled from its municipality, deprived the plaintiff schools of the reimbursement to which

they were entitled pursuant to State regulations. The audit and recoupment based thereon was in violation of State law. Accordingly, the plaintiffs are entitled to recover all sums unlawfully recouped, and for declaratory and injunctive relief barring any further recoupment based upon the audit in question. Altman, J.P., Adams, Townes and Prudenti, JJ., concur.