■ In the Matter of ROCHESTER CITY SCHOOL DISTRICT, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [819 NYS2d 190]—

Peters, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 16, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents which disallowed certain funds.

In 1984, the Legislature enacted Education Law § 3602 (24), which provided that school districts and boards of cooperative

educational services (hereinafter BOCES) would be eligible to receive state aid if they devised approved Employment Preparation Education (hereinafter EPE) programs(see L 1984, ch 53, § 41), which provide instruction leading to a high school or equivalency diploma for students 21 years of age or older. Respondent Commissioner of Education promulgated regulations to establish standards for the use of such funds (see 8 NYCRR 168.1 et seq.) and petitioner, thereafter, devised several programs and received such aid. In 1995, the state budget significantly changed the requirements for EPE and respondent State Education Department (hereinafter SED) distributed guidelines to petitioner, as well as others, to assist them in their applications for such aid. Such guidelines specifically emphasized the need to document contact hours, attendance and other compliance issues.

In December 2000, petitioner was notified that, pursuant to Education Law § 305, SED was going to be conducting an audit for the 1999-2000 school year; the audit was later expanded to include the period of July 1, 1997 through March 31, 2001. In their report, the auditors determined that petitioner had claimed and received more EPE aid than that to which it was entitled. Consequently, $13,388,944 of the $21,803,068 in EPE aid paid to petitioner, during the relevant period, was disallowed.

Petitioner sought both administrative and CPLR article 78 review of the audit report. Upon agreement of the parties, this proceeding was held in abeyance pending the outcome of the administrative review. The SED Hearing Panel modified the audit report by restoring some of the disallowed aid. Petitioner thereafter filed an amended petition, seeking annulment of the audit report. Supreme Court dismissed petitioner's application, prompting this appeal.

Preliminarily, we must clarify that Supreme Court properly reviewed the determination of the Hearing Panel, rather than the audit report, since the audit report was superceded by the Hearing Panel's determination (see Matter of Strongin v Nyquist, 44 NY2d 943, 945 [1978], appeal dismissed and cert denied 440 US 901 [1979]; Matter of McMahon v Sobol, 235 AD2d 635, 636 [1997]). We further find no merit in petitioner's contention that respondents lacked authority to conduct this audit based upon the absence of an expressed statutory grant to do so in Education Law § 3602 (24). In accordance with Education Law § 305, the Legislature has extended to the Commissioner "general supervision over all schools and institutions which are subject to the provisions of this chapter, or of any statute relating to

education, and shall cause the same to be examined and inspected" (Education Law § 305 [2]). Education Law § 3604 (5) (a) provides that "[w]henever a school district has been apportioned more money than that to which it is entitled, the commissioner may . . . deduct such amount from the next apportionment to be made to said district." Accordingly, the Commissioner has the general authority and duty to review the records of school districts receiving state funds to ensure the legitimacy of their claims (see Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs., 79 NY2d 197, 203 [1992]).

We further find the Hearing Panel's determination to be rational and consistent with applicable statutes and regulations. Education Law § 3602 (24) (f) requires that all school districts desiring to operate an EPE program must "complete a comprehensive plan of service application." The 1995 regulations require that these plans include, among other things, the maintenance of student folders which detail registration information, attendance records and the individual's program needs (see 8 NYCRR 168.3 [b] [3]). Education Law § 3602 (24) (b) further states that "employment preparation education hours shall be the total hours of instruction given by a teacher to all students enrolled in such approved programs." Each contact hour is defined as "60 minutes of instruction given by a teacher" (8 NYCRR 168.2 [c]). Recognizing that SED, as the agency charged with implementing Education Law § 3602, is entitled to deference in the interpretation of this statute and its regulations if such interpretation is not irrational, unreasonable or inconsistent with the statutory scheme (see Matter of Schenectady Ambulance & Oxygen Serv. v New York State Dept. of Health, 267 AD2d 846, 848 [1999]), we find no error in Supreme Court's deference to its interpretation. We further find no error in the standard of review utilized by Supreme Court in its assessment of whether the Hearing Panel's determination was arbitrary and capricious or irrational (see Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239-240 [1997]; Matter of Strongin v Nyquist, supra at 945; Matter of Neighborhood Cleaners Assn.-Intl. v New York State Dept. of Envtl. Conservation, 299 AD2d 790, 792 [2002]; Matter of Crest Mainstream v Mills, 257 AD2d 969, 971 [1999]). Our review of the record, which included a thorough review of the auditors' working papers, reveals that petitioner's records were carefully reviewed for its compliance with the statutory and regulatory scheme. Petitioner failed to maintain records in accordance with basic standards of record-keeping and reporting systems, thereby relegating the auditors to the unfortunate position of being un-

able to substantiate the aid that petitioner claimed. This failure rendered the auditors unable to verify that the aid that petitioner received was expended on eligible programs or students (*see Matter of Crest Mainstream v Mills, supra* at 970). For these reasons, the Hearing Panel's determination regarding the disallowance of funds was entirely proper (*see Matter of Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v State Educ. Dept.*, 135 AD2d 903, 905 [1987]).

Under these circumstances, we fail to find the amount of the disallowance shocking or disappropriate. There is a strong public policy to recover public funds from an entity that has improperly received them (*see Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 182 [1985], *cert denied* 476 US 1115 [1986]; *Matter of Crest Mainstream v Mills, supra* at 971; *Matter of Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v State Educ. Dept., supra* at 905). Since the amount of the disallowance was the amount of funds overclaimed, we find no discernable error.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.