Matter of Buffalo Teachers Fedn., Inc. v Elia (2020 NY Slip Op 02304)





Matter of Buffalo Teachers Fedn., Inc. v Elia


2020 NY Slip Op 02304


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528393

[*1]In the Matter of Buffalo Teachers Federation, Inc., Appellant,
v
MaryEllen Elia, as Commissioner of Education, et al., Respondents.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Robert T. Reilly, New York State United Teachers, Buffalo (Timothy Connick of counsel), for appellant.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for MaryEllen Elia and another, respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Maney, J.), entered January 7, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education resolving a dispute between petitioner and respondent Buffalo City School District.
The facts, as well as the relevant statutory framework, are set forth in a prior appeal (Matter of Buffalo Teachers Fedn., Inc. v Elia, 162 AD3d 1169 [2018], lv denied 32 NY3d 915 [2019]). As relevant here, respondent Commissioner of Education issued an order in 2015 imposing a receivership agreement upon certain schools that had been deemed failing (see Education Law § 211-f). The receivership agreement authorized respondent Superintendent of respondent Buffalo City School District, as the receiver, to modify the existing collective bargaining agreement by changing the start and end times of the school day. In 2016, a new collective bargaining agreement was negotiated and provided, among other things, that the school day start and end times could be modified under certain conditions. In 2017, the distinct Superintendent notified the subject schools that their start and end times would be changing. After a court order was issued staying the implementation of the new start and end times, the Superintendent submitted an administrative application with the Commissioner asking whether he, in accordance with the Commissioner's 2015 order, properly authorized the time change. In a 2017 order, the Commissioner found that the Superintendent's decision was authorized. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the Commissioner's determination. Supreme Court dismissed the petition, prompting this appeal. We affirm.
Petitioner asserts that the Superintendent's modification of the school schedule was not grounded upon improving student achievement, but rather to save money by aligning bus schedules and, therefore, the Commissioner's approval of the Superintendent's decision to do so was arbitrary and capricious. We disagree. The Superintendent averred in an affidavit that research revealed that changing the start time of the school day could have an impact on student attendance and performance. The Superintendent attached studies to his affidavit concluding that later start times for school days led to better student performance — studies that the Commissioner credited. The Commissioner also noted that she reached her determination after consideration of the arguments by both parties. In view of the foregoing, we cannot say that the Commissioner's determination was arbitrary and capricious or lacked rationality (see Matter of O'Brien v New York State Commr. of Educ., 112 AD3d 188, 193 [2013], appeal dismissed 22 NY3d 1125 [2014], lv denied 23 NY3d 903 [2014], cert denied 574 US 959 [2014]; Matter of Crest Mainstream v Mills, 257 AD2d 969, 971 [1999]; see generally CPLR 7803 [3]).
We are also unpersuaded by petitioner's argument that the Commissioner misinterpreted Education Law § 211-f when finding that the receivership agreement authorized in 2015 applied to the 2016 collective bargaining agreement. The applicable statutory language provides that, "[i]n order to maximize the rapid achievement of students at the applicable school, the receiver may request that the collective bargaining unit or units representing teachers and administrators and the receiver, on behalf of the board of education, negotiate a receivership agreement that modifies the applicable collective bargaining agreement or agreements with respect to any failing schools in receivership applicable during the period of receivership" (Education Law § 211-f [8] [a]). As petitioner correctly notes, the Commissioner's interpretation of this statute is not entitled to deference because the issue is one of statutory interpretation (see Matter of Soriano v Elia, 155 AD3d 1496, 1497 [2017], lv denied 31 NY3d 913 [2018]). That said, we find that the Commissioner's interpretation is in accord with the plain meaning of Education Law § 211-f (8) (a). In this regard, the statute explicitly provides that the receivership agreement applies to any collective bargaining agreement that is in effect during the period of the receivership. Given that the 2016 collective bargaining agreement was in effect during the period of the receivership, the receivership agreement authorized in 2015 is applicable. Under petitioner's interpretation, the receivership agreement applies only to the collective bargaining agreement that was in effect at the time the receivership agreement was negotiated. In our view, however, that interpretation is not supported by the text of the statute. Petitioner's remaining contentions have been considered and are either belied by the record or without merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.